UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Claudia Barnes,<br><br>　　　Plaintiff,<br>vs.<br><br>Hartford Life and Accident<br>Insurance Company<br><br>　　　Defendant. | Case No. 0:22-cv-3187<br><br>**COMPLAINT** |

Plaintiff, for her Complaint against Defendant, states and alleges:

1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq.*

2.  Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because Hartford Life and Accident Insurance Company may be found in this district. In particular, Hartford Life and Accident Insurance Company is registered as a corporation with the State of Minnesota, conducts ongoing

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

business with Minnesota residents, employs Minnesota residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota.

3. On information and belief, Defendant Hartford Life and Accident Insurance Company insures the employee benefit plan ("Plan") that UnitedHealth Group Incorporated created and maintains to provide its employees with income protection should they become disabled.

4. On information and belief, Defendant Hartford Life and Accident Insurance Company is a corporation organized and existing under the laws of the State of Connecticut and is the insurer and claims administrator for the Plan.

5. Plaintiff is a resident and citizen of the United States, an employee of UnitedHealth Group Incorporated and a participant in the Plan.

6. As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

7. On information and belief, Plaintiff was covered at all relevant times under group disability policy number GLT-681443 which was issued by Hartford Life and Accident Insurance Company to UnitedHealth Group Incorporated to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

8.  On information and belief, Hartford Life and Accident Insurance Company both funds the Plan and decides whether participants will receive benefits under the Plan. Accordingly, Hartford Life and Accident Insurance Company has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9.  Hartford Life and Accident Insurance Company's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

10. The Plan is an ERISA welfare benefit plan.

11. Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12. Plaintiff became disabled under the terms of the Plan's policy on or about January 28, 2021 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

13. Plaintiff submitted a timely claim to Hartford Life and Accident Insurance Company for disability benefits.

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008). Moreover, as the Supreme Court has held, "that conflict ***must be weighed as a factor*** in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008) (emphasis added).

14. Hartford Life and Accident Insurance Company denied Plaintiff's claim for disability benefits. Plaintiff appealed Hartford Life and Accident Insurance Company's decision, but Hartford Life and Accident Insurance Company denied Plaintiff's appeal on November 30, 2022.

15. Plaintiff provided Hartford Life and Accident Insurance Company with substantial medical evidence demonstrating she was eligible for disability benefits.

16. The medical evidence Plaintiff provided included a narrative report from Dr. John S. Howland who stated that he "heartily" disagreed with the notion that Plaintiff was capable of doing her own occupation and found that plaintiff's subjective complaints are reliable and that in his opinion, "It would be impossible for [Plaintiff] to work an 8-hour day; she would have continuous mental fatigue."

17. Dr. Howland further opined that "If [Plaintiff] were working a full-time job she would be "off task" 85% of the time."

18. The medical evidence Plaintiff provided included a psychological evaluation report that was conducted as part of her application for Social Security Disability Income benefits.

19. The Psychological evaluation included an intellectual evaluation comprising the Wechsler Adult Intelligence Scale which found "[h]er fund of

...

information was poorly developed. Overall, her language-based difficulties contributed to lowest composite measure overall (70) on the Verbal Comprehension Index. Memory deficiency contributed to an even lower score (66) on the Working Memory Index. The claimant's Perceptual Reasoning score (84), Processing Speed Index (86) offer an estimate of her premorbid functioning. Currently, she earned a Full-Scale IQ score of 72.

20. The Psychological Evaluation Report found Plaintiff meet the medical criteria for meeting the SSA's disability listing 12.02 for neurocognitive disorders with her conditions manifesting in impaired memory, impacting long-term immediate and working memory. She manifests inattention, visual spatial disruption and diminished abstract reasoning impacting language-based function moderately reducing her ability to remember and apply information.

21. Additional medical records included a note from Dr. A. Niziolek indicating Plaintiff had Covid-19 in January 2021 with multiple emergency room visits since then for issues including elevated blood pressure, palpitations, chest pain, dyspnea on exertion and non-intractable migraines.

22. Medical records Plaintiff submitted to Hartford Life and Accident Insurance Company also included GAD-7 and PHQ-9 assessments Plaintiff completed indicating severe anxiety and severe depressive disorder.

23. Hartford Life and Accident Insurance Company's decision to deny disability benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

   a. Hartford Life and Accident Insurance Company failed to have Plaintiff independently examined, and instead relied on the opinion of a medical professional who merely reviewed Plaintiff's medical records and rejected the opinion of Plaintiff's treating physician;

   b. Hartford Life and Accident Insurance Company relied on the opinion of a medical professional who was financially biased by his/her relationship with Hartford Life and Accident Insurance Company and as such unable to offer an unbiased opinion;

   c. Hartford Life and Accident Insurance Company relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

   d. Hartford Life and Accident Insurance Company relied on the opinion of a medical professional who was not qualified to refute the findings of Plaintiff's physicians;

    e. Hartford Life and Accident Insurance Company ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

    f. Hartford Life and Accident Insurance Company ignored and/or misrepresented the opinions of Plaintiff's treating physicians.

24. Hartford Life and Accident Insurance Company abused its discretion in denying Plaintiff's claim.

25. The decision to deny benefits was wrong under the terms of the Plan.

26. The decision to deny benefits was not supported by substantial evidence in the record.

27. Hartford Life and Accident Insurance Company's failure to provide benefits due under the Plan constitutes a breach of the Plan.

28. Hartford Life and Accident Insurance Company's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from January 28, 2021 to the present. Plaintiff will continue to be deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

29. Hartford Life and Accident Insurance Company's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue

this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

30.     A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare she fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums she paid for benefits under the Plan from the time of denial of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct Hartford Life and Accident Insurance Company to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendants:

1. A finding in favor of Plaintiff against Defendants;
2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;
3. Prejudgment and post judgment interest, calculated from each payment's original due date through the date of actual payment;

4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits;

5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of denial of benefits to the present.

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7. Reasonable costs and attorneys' fees incurred in this action;

8. Any other legal or equitable relief the Court deems appropriate.

Dated: 12/28/2022

RESPECTFULLY SUBMITTED,

By: /s/ Chase Hedrick

Chase Hedrick (MN Bar # 0398770)
Zachary Schmoll (MN Bar # 0396093)
**FIELDS LAW FIRM**
9999 Wayzata Blvd
Minnetonka, MN 55305
Office: 612-370-1511
Chase@Fieldslaw.com
Zach@Fieldslaw.com

*Attorneys for Plaintiff*